CHARLES J. SCHUCK, Judge.
Claimant, Pauline Golden, thirty-eight years of age and engaged in conducting a farm in Barbour county, West Virginia, was severely and permanently injured by being struck by a tail gate falling or swinging from a passing state road truck while she was a pedestrian on the highway known as Fisher’s Mill Road, which highway is under the control of the state road commission. The testimony Shows that claimant walking on the proper side of the highway, between five and six o’clock in the evening on September 15, 1943, and in the lawful use of said highway, noticing a state truck approaching stepped off the highway to allow it to pass and while so doing she was struck by the tail gate, knocked to the side of the road and so severely injured as to require *347 hospital and medical treatment and care. Her injuries consisted of a long, ragged, deep cut on the right upper arm, approximately ten inches long which has left a permanent scar and according to the testimony, has permanently impaired the use of her arm. Her side was bruised and her back injured; her forehead cut, and while of a nervous nature previous to the time of the injury, the physician testifies that this nervousness has increased since the time of the injury and that while claimant has shown improvement, her injuries are nevertheless of a permanent nature and prevent her from carrying on the work on her farm that she had theretofore been able to do. She still complains of pain in both her arm and head at the present time. She has been obliged to obtain help to operate her farm and to do much of the work that she did herself previous to the time of the accident. Her father, who lives with her, is eighty-three years of age and is unable to do any of the work. She has also been obliged to have a hired girl work for her part of the time at the rate of ten dollars per week and has expended bills for medical and hospital treatment, and other expenses totaling approximately $300.00.
The testimony shows that the tail gate in question was improperly and insecurely fastened, that both pins or latches holding it in place, together with the chain serving the same purpose, seemingly became loose or pulled out just as the truck was passing the claimant causing the tail gate to swing across the highway and striking her, inflicting the injuries as aforesaid. The testimony, in our judgment, clearly shows that the faulty equipment or defect of the tail gate allowed it to swing to the side of the road and strike claimant. The driver of the truck testifies (record p. 23) “Well, the tail gate was what you call down — it was laying back on a level with the rest of the bed, held by latches at the bottom and chains attached to the sides of the bed that would hold the tail gate up on a level with the bottom of the bed; and the latch that held the tail gate to its place at the bottom come loose and dropped down, and that give the tail gate a chance to fall off, and these chains that held it on a level, one of *348 them came loose that held the lefthand end, and that left the tail gate swing by the other chain, which swung around past the side of the truck.” In view of this testimony we are of the opinion that an examination of this truck and its equipment previous to its use on the day in question would have revealed its faulty condition and defect and put the employees in charge of its operation on notice to have the necessary repairs made. There was nothing that occurred at the time of the accident so far as the operation of the truck was concerned that would cause the latches to pull out or become loose nor to cause the chains in question that held up the tail gate to likewise pull out or become loose and thus cause the tail gate to swing beyond the body of the truck itself and thereby be the means of striking a passing pedestrian. These defects ought to have been known at the time the truck was being operated and care taken to avoid injury to persons on the highway.
Under all of the circumstances and testimony in this case, we are constrained to find that the claimant is permanently injured, with her earning power on her farm considerably permanently impaired, and that she will never again be able to do the work that she did previous to the time of her accident; that she is still suffering pain in her head and arm. Taking all the testimony therefore in consideration, we are of the opinion that an award of four thousand dollars ($4000.00) should be made and this amount is recommended accordingly.